Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2339 | **DATE** | 4/18/12 |
| **CASE TITLE** | Kenneth S. Jahn (2011-1017143) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* application [7] is granted. The Court assesses an initial partial filing fee of $2.16. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states a valid claim and that names proper Defendants. Plaintiff is given 30 days from the date of this order to comply. If the Court receives no pleadings from Plaintiff within 30 days, this case will be dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

    Plaintiff Kenneth Jahn, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Cook County Sheriff Tom Dart, Mr. Miller, and Mrs. Salazar, as well as the City of Chicago. Plaintiff alleges that he has was forced to sleep on a mattress on the floor from October 28, 2011, to February 11, 2012, even though he had a broken leg. He states that such a situation caused increased "pain in [his] lower back," which he describes as "inconvenient." (Compl. at 4.) He further states that sleeping on a mattress on the floor has caused his "to worry about . . . germs and . . . bugs." (*Id.*)

    Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application reveals that he is unable to prepay the $350 filing fee and the Court thus grants his motion. The Court assesses an initial partial filing fee of $2.16 and authorizes the trust fund officer at Plaintiff's place of confinement to deduct this amount from Plaintiff's trust fund account and pay it to the clerk of Court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

    The Court has conducted its preliminary review of Plaintiff's 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915A. Plaintiff's complaint does not allege a § 1983 claim. To state a § 1983 claim, Plaintiff must state that he was deprived of a constitutional or federal right. With respect to a claim challenging a condition of his confinement, as well as a claim of inadequate attention for his medical condition, Plaintiff must show both (1) that he experienced an objectively serious condition and (2) that the defendants acted with deliberately indifferent to it. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

# STATEMENT

With respect to some incarcerated persons having to sleep on mattresses on the floor, this Court has repeatedly held that such a condition, by itself, is not sufficiently serious to support a § 1983 claim. *Gibson v. Ramsey*, No. 99-3315, 2004 WL 407025 at 5 (N.D. Ill. Jan. 29, 2004) (Gettleman, J.) ("being assigned to sleep on a mattress on the floor is not itself enough to give rise to a claim of punishment"), citing *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D. Ill. 1994); *Powell v. Cook County Jail*, 814 F. Supp. 757, 759 (N.D. Ill.1993); *see also Lage v. Thompson*, No. 08-1293, 2010 WL 2697152 at *4 (C.D. Ill. July 7, 2010) (Baker, J.) (same); *Hubbard v. Taylor*, 538 F.3d 229, 235 (3rd Cir. 2008) (*Hubbard II*) (pretrial detainees having to sleep on mattresses on the floor for several months is not an unconstitutional condition of confinement).

Although Plaintiff states that he was forced to sleep on a mattress on the floor with a broken leg, he asserts that such a condition made it more difficult "for [him] to get off the floor, . . . giving [him] more pain in [his] lower back, and this has become inconvenient." (Compl. at 4.) Such allegations do not indicate a serious condition. Not "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir. 1997); *see also* Cooper v. Casey, 97 F.3d 914, 916 (7th Cir. 1996) ("minor aches and pains" and "ailments for which many people who are not in prison do not seek medical attention" generally do not rise to the level of constitutional concern). Similarly, his assertion that sleeping on a mattress on the floor exposes him to germs and bugs also does not sufficiently state a claim. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (an inmate must demonstrate an actual harm as opposed to simply a fear of contracting an illness); *see also Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (mild exposure to bugs does not rise to the level of an unconstitutional condition and the exposure generally must be significant and prolonged).

In addition to not alleging sufficiently serious conditions, Plaintiff does not allege deliberate indifference. He has named only supervisory officials as Defendants (Sheriff Tom Dart and Directors Salazar and Miller, who Plaintiff describes as "Direct[ors] over all Cook County Facility" (Compl. at 2)). However, there is no respondeat superior liability in a § 1983 action, and officials cannot be held liable "merely because of their supervisory roles." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). Plaintiff must name jail personnel who were personally involved and aware of his situation and who refused to adequately address it. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.2003); *Tesch v. County of Green Lake*, 157 F.3d 465, 475-76 (7th Cir. 1998).

Because the allegations of Plaintiff's complaint do not state a valid § 1983 claim, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint. If Plaintiff desires to proceed with this case, he must submit an amended complaint that not only states sufficiently serious conditions but also names as Defendants those persons who were personally involved. An amended complaint that presents the same or similar insufficiently pled claims may result in the imposition of a strike under 28 U.S.C. § 1915(g). The accumulation of three strikes will prevent Plaintiff from proceeding IFP in federal court without first demonstrating that he is in imminent danger of serious physical injury. If Plaintiff submits an amended complaint, he is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The Court will refer only to the amended complaint when determining the claims and parties to this case. Also, Plaintiff must submit a judge's copy and a service copy for each named Defendant. Additional copies may be requested if needed. Plaintiff is given 30 days from the date of this order to submit an amended complaint. If the Court receives no pleadings within 30 days, this case will be dismissed.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff appears competent to represent himself at this stage of the proceedings. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).